USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                          :

IN RE ESTATE OF PENELOPE BASSIOS    :

                                          :
------------------------------------------------------------- X

17 Civ. 4554 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Plaintiff-Stakeholder The United States Life Insurance Company in the City of New York ("U.S. Life") brought this interpleader action pursuant to 28 U.S.C. § 1335 against Defendants-Claimants Paul Getsos, Elena Xenarios, Susan Xenarios and Helene Friedman to determine the proper disposition of the death benefit of an annuity held by Decedent Penelope Bassios. Having deposited the funds at issue with the Court, Plaintiff-Stakeholder was dismissed from the case. Defendants Elena Xenarios, Susan Xenarios and Helene Friedman (collectively, the "Xenarios Defendants") bring crossclaims against Defendant Getsos for declaratory judgment, breach of contract, unjust enrichment and tortious interference with a contract. Getsos moves to dismiss the second, third and fourth crossclaims. For the following reasons, Getsos's motion is GRANTED.

## I.    BACKGROUND

The following alleged facts are drawn from the Answer and Crossclaims, allegations in the Complaint admitted in the Answer, and documents submitted on this motion and elsewhere in the record. The facts are construed in the light most favorable to Plaintiff as the non-moving party. *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017).

Toward the end of her life, Decedent Bassios changed her estate plan and wanted to distribute a share of her assets to her friends, Xenarios Defendants, who had assisted and cared for her for many years as she endured various ailments. As relevant here, Bassios held an

annuity from U.S. Life that included a death benefit as to which she had designated her half-brother Getsos as sole beneficiary. In October 2016, Bassios executed a change of beneficiary form, under which Elena Xenarios was to receive 50% of the death benefit, Susan Xenarios was to receive 25% and Getsos was to receive 25%. U.S. Life rejected the form. In November 2016, Bassios executed a Power of Attorney designating Susan as her agent. Susan, exercising the Power of Attorney, sent a new change of beneficiary form to U.S. Life, under which Elena was to receive 60% of the death benefit, Defendant Friedman was to receive 30% and Getsos was to receive 10%. U.S. Life again rejected the form, claiming that the Power of Attorney was incomplete, and brought the instant interpleader action.

Separately, at some point, Getsos borrowed $25,000 from Bassios to pay for his apartment. In August 2016, Bassios asked Getsos to repay her so she could use the money to pay for her care. Getsos has not yet repaid the loan.

At the time of her death in November 2016, Bassios maintained an IRA and an annuity with National Planning Corporation ("NPC"), and had designated Elena as beneficiary for both. By letter dated December 23, 2016, counsel for Getsos informed counsel for Bassios's estate that Getsos and his counsel believed that the Power of Attorney was invalid, and that they had advised the administrator of the IRA and annuity that they would hold it liable for any distributions made to Elena. The administrator has refused to distribute the IRA and annuity proceeds until any related litigation is resolved. In September 2017, NPC filed a separate interpleader action pursuant to 28 U.S.C. § 1335 against Defendants-Claimants in this action to determine the proper distribution of the IRA and annuity proceeds. The NPC action, Case No. 17 Civ. 7340, was accepted by the Court as related to this action and consolidated with it for pre-trial purposes.

Before the Court is Getsos's motion to dismiss the Xenarios Defendants' second, third and fourth crossclaims. The second and third crossclaims assert that Getsos failed to honor the alleged $25,000 loan agreement with Bassios, and the fourth crossclaim asserts that Getsos tortiously interfered with the distribution of funds in the NPC IRA and annuity.

## II.  LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(1), a court "accept[s] the [relevant pleading's] allegations as true and draws all reasonable inferences in the [non-moving party's] favor." *Loubier*, 858 F.3d at 725. Courts "may also consider all extrinsic evidence proffered by the parties . . . in support of their jurisdictional positions." *Id.* The non-moving party bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*

## III.  DISCUSSION

Xenarios Defendants' crossclaims are dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court lacks subject-matter jurisdiction over the Xenarios Defendants' second, third and fourth crossclaims because they do not concern the proceeds of the U.S. Life annuity.

Federal interpleader "was not intended to serve the function of a 'bill of peace,'" *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 537 (1967), and "cannot be used to solve all the vexing problems of multiparty litigation," *id.* at 535; *accord Glenclova Inv. Co. v. Trans-Res., Inc.*, 874 F. Supp. 2d 292, 309 (S.D.N.Y. 2012). For actions brought under 28 U.S.C. § 1335, "[t]he scope of litigation, in terms of parties and claims, is normally circumscribed by the confines of the fund." *Hartford Cas. Ins. Co. v. Lexington Ins. Co.*, No. 14 Civ. 8060, 2016 WL 1267801, at *3 (S.D.N.Y. Mar. 30, 2016); *see also In re Millennium Multiple Emp'r Welfare Benefit Plan*, 772 F.3d 634, 642 (10th Cir. 2014) (reaffirming that "the stake constitutes the outer

3

limits of that jurisdiction" under § 1335). "The existence of the fund cannot ordinarily be seized upon as an opportunity for achieving results that exceed the resolution of disputes concerning entitlement to the fund." *Bache & Co., Inc. v. Roland*, 375 F. Supp. 989, 990–91 (S.D.N.Y. 1974) (citing *Tashire*, 386 U.S. at 533–34).

"[A] district court's jurisdiction to adjudicate personal crossclaims filed by one interpleaded party against another is limited in scope." *Hartford*, 2016 WL 1267801, at *3. "[C]rossclaims are permissible 'to attack [other interpleader defendants'] claims against the common fund, but *for no other purpose*.'" *Id.* (quoting *Allstate Ins. Co. v. McNeill*, 382 F. 2d 84, 87 (4th Cir. 1967)); *see also Cont'l Ill. Nat. Bank & Trust Co. of Chi. v. R.L. Burns Corp.*, 552 F. Supp. 113, 115 (N.D. Ill. 1982) ("Subject matter jurisdiction under § 1335 is limited to the resolution of conflicting claims to the fund in controversy."); *cf. Wash. Elec. Co-op., Inc. v Paterson, Walke & Pratt, P.C.*, 985 F2d 677, 680 (2d Cir 1993) (In Fed. R. Civ. P. 22 interpleader action, "interests of party convenience and judicial economy that would be served by trial of all claims in a single proceeding cannot compel the otherwise inappropriate joinder of claims in interpleader.") (internal citation and quotation marks omitted).

The Xenarios Defendants' second, third and fourth crossclaims are not claims on the funds at issue in this action. The second and third crossclaims assert that Defendant Getsos failed to honor an alleged $25,000 loan agreement with Decedent, and the fourth crossclaim asserts that Getsos tortiously interfered with the distribution of funds in a separate IRA and annuity. They are not permissible crossclaims in a federal interpleader action and are dismissed. Nevertheless, the dispute over the funds at issue in the fourth crossclaim is otherwise before the Court in the NPC action.

**IV.    CONCLUSION**

For the foregoing reasons, Getsos's motion to dismiss crossclaims is GRANTED.

Xenarios Defendants' second, third and fourth crossclaims are DISMISSED.

The Clerk of Court is respectfully directed to close the motion at Docket No. 30.

Dated:  April 24, 2018
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE